IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY BELL,

      Plaintiff,                     No. CIV 2:04-cv-2473-FCD-JFM

   vs.

MERCK & CO., INC., et al.,

      Defendants.              ORDER

_____/

        Plaintiff initiated this action on November 19, 2004. On March 29, 2005, this matter, along with approximately 138 civil actions nationwide, was transferred to the District of Louisiana by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1407. See Doc. No. 10. On or around December 12, 2007, defendant Merck agreed to a settlement program to resolve the claims brought against it. See Doc. No. 12, Ex. A. Upon the filing of a stipulation of dismissal with prejudice, plaintiff's complaint was dismissed on June 16, 2010. See Doc. No. 12, Exs. A and H. On March 18, 2011, plaintiff filed in this court a motion for relief from the judgment in that case. Doc. No. 12.

        As an initial matter, the undersigned must determine whether it has jurisdiction over plaintiff's motion. Generally, two courts of different but exclusive jurisdictions, or venues,

1

cannot exercise control over the same single claim for relief at the same time.  It is manifest that after an order changing venue, the jurisdiction of the transferor court, and, if that court is not in the same circuit as the transferee court, likewise the jurisdiction of the transferor's court of appeals, ceases over the transferred action.  This matter was transferred to the District of Louisiana pursuant to Section 1407 for the purpose of consolidating pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts.  This action remains with the transferee court until it is remanded to the transferor court by the panel.  See 28 U.S.C. § 1407(b).[1]  Because there has been no order remanding this matter back to this court, the Eastern District of California is without jurisdiction to entertain plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief is denied without prejudice.

DATED: April 1, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;bell2473.jo

---

[1] The complete text of 28 U.S.C. § 1407(b) provides: "Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."